I fully concur in the majority's analysis and disposition of appellant's first and third assignments of error. However, I respectfully dissent from the majority's decision to sustain appellant's second and fourth assignments of error. In their second assignment of error, SCDHS contends the trial court erred in dismissing the complaint for neglect and abuse and simultaneously entering a finding of dependency. Juv. R. 22 provides, in pertinent part: * * * After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. (Emphasis added).
Pursuant to the aforementioned rule, a trial court may amend a complaint sua sponte after the commencement of the adjudicatory hearing as long as the amendment is not arbitrary or capricious in nature and is in the interests of justice. At the conclusion of the presentation of evidence in the instant action, the trial court made a finding of dependency based upon the evidence presented and the stipulation of dependency offered by appellees. T. at 78. Such finding is tantamount to the trial court's sua sponte amending the complaint. Although the complaint filed by SCDHS only alleged Fred to be an abused and/or neglected child, I find the amendment was neither arbitrary nor capricious and was in the interests of justice. The trial court adjudicated Fred to be a dependent child based upon the same evidence with which SCDHS supported the allegations of abuse and neglect and based upon appellees' offer to stipulate to dependency. Accordingly, I find the trial court did not err in entering a finding of dependency. I would overrule SCDHS's second assignment of error. As to appellant's fourth assignment of error, based upon my review of the record as set forth in the majority's Statement of Facts and Case, supra, I find the trial court's determination the evidence failed to clearly and convincingly show Fred was neglected and/or abused is not against the manifest weight of the evidence. Although I find the evidence presented to demonstrate Fred was abused or neglected compelling, given the deference a reviewing court is to afford the trier-of-fact who is in a better position to observe the witnesses' demeanor and weigh their credibility, I cannot conclude the trial court's judgment is unsupported by relevant, competent, and credible evidence. I would overrule appellant's fourth assignment of error and affirm the decision of the trial court.